By the Court.
If the court of common pleas rightfully reviewed the finding and judgment of the mayor on the weight of the evidence, it was the duty of the circuit court to read, consider and pass on the same question when legally asked by petition in error to do so. It appears of record that the court of common pleas did review the finding and judgment of the mayor upon the weight of the evidence, and found for the state on that as well as all' the other assignments of error. The accused party, by petition in error, presented, the same questions to the circuit court for its consideration and judgment, and it declined to consider the bill of exceptions as to the sufficiency or weight of the evidence, and in this we think the circuit court committed error.
Much confusion has been caused by the statutes providing for the review of the judgments of justices of the peace, mayors and police courts, and it seems to be claimed by the State in this case, that there is a separate procedure for the review of such judgments in criminal cases; — -one for the review of the judgment of a justice of the peace, another provision for the review of a judgment of a mayor, and still another for the review; of the judgment of a police court, and that the practice prescribed for one, can not be adopted to review a judgment of either of the other courts named. This is the broad proposition made on page ten of brief for the State.. If this *136 is true, it is an unfortunate state of the law in which we have independent systems of practice before those tribunals where uniformity as well as simplicity should prevail. But we do not think such contention is tenable to the extent claimed. We will not enter upon the task of construing and reconciling the apparently conflicting statutes reflecting upon the subject, being content in finding simple grounds upon which to base our conclusion.
Much of the argument for the State is drawn from the case of Williams v. The State, 25 Ohio St., 628, decided in December, 1874, where it was held, that under the provisions of the municipal code then in operation, there was no authority to review the facts in a ease of conviction or sentence by a police court; — that under the then provisions, there was no authority for taking an exception to the overruling a motion for new trial on the ground that the verdict or finding of the court is not, sustained by sufficient evidence, or for setting out the whole of the testimony in a bill of exceptions if the motion be overruled. But in April, 1876, the municipal code (section 179) was amended, so that the overruling of a motion for .a new trial on the ground that the finding of 'the court (police court) is against the weight of the evidence, may be assigned for error. Hence the case of Williams v. The State, supra, has been shorn of much of its influence. This view finds confirmation in the case of Slaughter v. The City of Columbus, 61 Ohio St., 53, where it is held that ‘ ‘ a conviction in a police court may be reviewed by a proceeding in error on the ground that it is against the weight of the evidence.”.
It is worthy of note that the case last cited involved conviction of violating an ordinance of the city and *137 not of a statute of the State, and that, therefore, a final sentence by the police court for violating an ordinance may be reviewed on the weight of the evidence. And the sentence of a police court for violation of a criminal statute, over which offense such court has final jurisdiction may now be reviewed on the same ground. With the above observations, we look to section 7356, Revised Statutes, which reads: “In any criminal case, including a conviction for a violation of an ordinance of a municipal corporation, the judgment or final order of a court or officer inferior to the common pleas court may be reviewed in the common pleas court; a judgment or final order of any court or officer inferior to the circuit court may be reviewed in the circuit court; and a judgment or final order of the circuit court or the common pleas court in cases of conviction of a felony or a misdemeanor, and the judgment of the circuit court in any other case involving the constitutionality or construe-' tion of a statnte, may be reviewed by the supreme court, but the supreme court shall not in any criminal cause or proceeding, except when its jurisdiction is original, be required to determine as to the weight of the evidence.”
This section clearly authorizes a review of the judgment of the mayor in cases like the present, if the method of procedure to reach the reviewing court includes the right to consider the weight of the evidence. We think section 6565 now furnishes this mode of procedure, and it includes the right to have a review of the judgment on the weight of the evidence. The first paragraph of the section provides, “that in all cases before a justice of the peace, mayor or police judge, whether tried *138 by a jury or the justice, mayor, or police judge, either party shall have the right to extíept to the decision of the justice, mayor, or police judge, upon any matters of law arising in the case.” The section prescribes the time and manner of excepting, and continues, ‘ ‘ or exception is to the decision of the court on a motion to direct a non-suit, * * * or for a new trial, because the verdict, or if a jury is waived, the finding of the court is against the law and the evidence, or on the admission or rejection of evidence, the party excepting must reduce his exception to writing and present the same to the trial justice, mayor, or police judge or his successor, etc. * * * ”
In The State v. Ransick, 62 Ohio St., 283, this court held that the above section “embraces all cases before a justice of the peace — not merely civil cases. The object seems to have been economy and convenience in practice, and in reason, applies as well to criminal as to civil cases.” That was a criminal ease.
We have no doubt the rule also extends to criminal and civil cases before the mayor, for such is the broad language of the first part of the section. This section still stands notwithstanding the change in section 6560, which provides the grounds for new trial in civil cases before a justice of the peace. The latter section applied only to justices of the peace in civil cases, while section 6565, as we have seen, applies to justices of the peace, mayors and police courts, “in all cases.”
A simple rather than a complex practice is desirable, and as the magistrate in cases like the one before us seems to have final jurisdiction and authority to assess heavy penalties, it is but reasonable *139 that there should he a chance of review upon the facts in the case. If a jury is denied the accused, the facts are to he weighed hy a. single mind. There is a mode, therefore, of reviewing the 'conclusions which the mayor may reach upon the evidence in such cases where he has final jurisdiction.
The circuit court erred in not reading and considering the hill of exceptions on the weight of the evidence, for which error its judgment is in part vacated, and the cause remanded to the circuit court with directions to read and consider the hill of exceptions as to the weight of the evidence, and pass judgment upon the same.
We find no other prejudicial errors.
Each of the following cases involves precisely the same question:
9545. Isaac Kaufmann v. The State of Ohio;
9546. Charles Gorman v. The State of Ohio;
9547. H. J. Sehweinsherger v. The State of Ohio.
The same judgment is rendered and order made in each as rendered and made in the leading case.

Judgments vacated and causes remanded.

Davis, C. J., Shauck, Price, Crew, Summers and Spear, JJ., concur.